IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| BARBARA ANN WASHINGTON | : | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud – 9 counts) |
| | : | 18 U.S.C. § 1341 (mail fraud – 3 counts)<br>Notice of forfeiture |

## INDICTMENT

### COUNTS ONE THROUGH NINE

(Wire Fraud)

THE GRAND JURY CHARGES THAT:

### Background

At all times relevant to this indictment:

    1.    "Sweepstakes schemes" were fraudulent schemes in which perpetrators falsely told victims that they had won a large cash prize but, in order to collect the prize, they must send a sum of money to the perpetrators as a "fee," "duty," or for "taxes." The victims were then directed to send cash, checks or money orders via the United States mail, or other interstate carrier service, or told to transfer money through their financial institution.

    2.    To help them perpetrate their frauds, foreign fraudsters employed co-schemers in the United States known as "Money Mules" to receive the fraud proceeds – checks, money orders, wire transfers and cash – sent by the victims, and to forward those proceeds to the fraudsters overseas. A "Money Mule" thus helped the foreign fraudsters obtain the fraud proceeds without their being detected by victims or law enforcement.

3. Defendant BARBARA ANN WASHINGTON, working as a "Money Mule," received money from individuals located throughout the United States.

4. Defendant BARBARA ANN WASHINGTON sent and caused the money to be sent to co-schemers in the United States, and in the country of Jamaica.

5. The United States Postal Service (hereinafter "Postal Service" or "USPS") was a public interstate carrier service that operated within the United States and internationally.

6. The FedEx Corporation (hereinafter "Federal Express") was a private and commercial interstate carrier and courier service that operated within the United States and internationally.

7. Bank of America N.A. was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"), under certificate no. 3510.

8. Santander Bank was a financial institution, the deposits of which were insured by the FDIC, under certificate no. 29950.

9. TD Bank was a financial institution, the deposits of which were insured by the FDIC, under certificate no. 18409.

10. Police and Fire Federal Credit Union was a financial institution, the deposits of which were insured by the National Credit Union Association, under certificate number 2551.

11. At various times relevant to this indictment, defendant BARBARA ANN WASHINGTON, held bank accounts at Wells Fargo Bank, Bank of America, Police and Fire Federal Credit Union, Santander Bank, and TD Bank.

## THE SCHEME

12. Beginning on a date unknown to the grand jury, but believed to be no later than November 2018, and continuing until at least October 2020, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, the defendant

### BARBARA ANN WASHINGTON

together with others known and unknown to the grand jury, devised and participated in a scheme and artifice to defraud elderly victims, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

13. An unidentified co-schemer contacted elderly victims in the United States and told the victims that his name was "D.S." Co-schemer "D.S." told victims that he represented a known sweepstakes company in the United States. "D.S." falsely informed victims that they had won thousands or millions of dollars and other prizes from the sweepstakes company. "D.S." falsely informed the victims that they must make payments of several thousand dollars to the purported sweepstakes company in order to collect the victims' purported sweepstakes winnings.

14. "D.S." instructed victims to send their payments through the United States mails, Federal Express and wire transfers to defendant BARBARA ANN WASHINGTON.

15. Defendant BARBARA ANN WASHINGTON received these payments in the mail or by Federal Express at her home address in Philadelphia, Pennsylvania and elsewhere within the Eastern District of Pennsylvania. Defendant WASHINGTON also received these payments as wire transfers into her bank accounts at various banks.

16. Defendant BARBARA ANN WASHINGTON kept part of the money that she had received from victims and sent the remainder of the victim funds to co-schemers located in the United States, as well as in Jamaica.

17. The victims of this scheme never received any sweepstakes winnings.

## EXECUTIONS OF THE SCHEME

18. On or about the dates specified below, each constituting a separate count, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant BARBARA ANN WASHINGTON, for the purpose of executing the scheme and artifice to defraud, knowingly caused to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures and sounds, as more particularly described below:

| Count | Approximate Date | Description of Wire Communication |
|---|---|---|
| 1 | Dec. 14, 2018 | Electronic transmission of information, concerning United States Postal Service (USPS) money orders nos. xxx2892, xxx2870, xxx2857, xxx2881 and xxx2868, purchased by J.H. in various amounts totaling approximately $4,350, from a TD Bank branch in Cheltenham Township, Montgomery County, Pennsylvania, to TD Bank's servers located outside of Pennsylvania |
| 2 | June 10, 2019 | Electronic transmission of information, concerning USPS money orders nos. xxx4474, xxx4452, xxx4463, xxx4441, xxx4430, xxx4428, xxx4417, xxx4406 and xxx4485, purchased by J.H. in various amounts totaling approximately $8,400, from a TD Bank branch in Cheltenham Township, Montgomery County, Pennsylvania, to TD Bank's servers located outside of Pennsylvania |
| 3 | July 22, 2019 | Electronic transmission of information, concerning check no. 6810 in the amount of $699 drawn on V.L.'s account xxx7866 at BB&T Bank, from a TD Bank branch in Cheltenham Township, Montgomery County, Pennsylvania, to TD Bank's servers located outside of Pennsylvania |
| 4 | Sept. 3, 2019 | Electronic transmission of information, concerning check no. 6905 in the amount of $2,500 drawn on V.L.'s account xxx7866 at BB&T Bank, from a TD Bank branch in Philadelphia, Pennsylvania, to TD Bank's servers located outside of Pennsylvania |
| 5 | Feb. 3, 2020 | Electronic transmission of information, concerning Western Union money order no. xxx4957 in the amount of $599, purchased by W.W., from a TD Bank branch in Cheltenham Township, Montgomery County, Pennsylvania, to TD Bank's servers located outside of Pennsylvania |

| Count | Approximate Date | Description of Wire Communication |
|---|---|---|
| 6 | August 17, 2020 | Electronic transmission of information, concerning USPS money order no. xxx5266 in the amount of $800, purchased by W.W., from a Bank of America branch in Philadelphia, Pennsylvania, to Bank of America's servers located outside of Pennsylvania |
| 7 | August 21, 2020 | Electronic transmission of information, concerning Bank of America cashier's check no. xxx6842 in the amount of $9,000, purchased by W.W., from a Bank of America branch in Philadelphia, Pennsylvania, to Bank of America's servers located outside of Pennsylvania |
| 8 | Sept. 8, 2020 | Electronic transmission of check information, concerning Bank of America cashier's check no. xxx6952 in the amount of $30,000, purchased by W.W., from a Bank of America branch in Philadelphia, Pennsylvania to Bank of America's servers located outside of Pennsylvania |
| 9 | October 7, 2020 | Electronic transmission of check information, concerning State Employee's Credit Union cashier's check no. xxx8986 in the amount of $25,500, purchased by A.T., from a Bank of America branch in Philadelphia, Pennsylvania, to Bank of America's servers located outside of Pennsylvania |

In violation of Title 18, United States Code, Section 1343.

## COUNTS TEN THROUGH TWELVE

### (Mail Fraud)

THE GRAND JURY CHARGES FURTHER THAT:

1. Paragraphs 1 through 11 of Count One are incorporated here.

### THE SCHEME

2. Beginning on a date unknown to the grand jury, but no later than in or about November, 2018, and continuing until at least in or about October, 2020, exact dates being unknown to the grand jury, defendant

### BARBARA ANN WASHINGTON

together with others known and unknown to the grand jury, devised and participated in a scheme and artifice to defraud elderly victims, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

3. It was part of the scheme that co-schemers and defendant BARBARA ANN WASHINGTON, took the actions described in Paragraphs 13 through 17 of Count One.

4. On or about the dates specified below, each constituting a separate count, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant BARBARA ANN WASHINGTON, for the purpose of executing the scheme and artifice to defraud, knowingly caused to be delivered by the Postal Service and by private and commercial carrier according to the directions thereon, and knowingly took and received matter delivered by the Postal Service and by private and interstate commercial carrier, the following:

| Count | Approximate Date | Description of Mailing |
|---|---|---|
| 10 | August 3, 2019 | A USPS Express Mail package with tracking number EE381723755US from J.H. in Logan, Utah to B. Washington in Philadelphia, Pennsylvania |
| 11 | August 21, 2020 | A Federal Express package with tracking number 396007365601 from W.W. in Greenville, South Carolina to B. Washington in Philadelphia, Pennsylvania |
| 12 | Sept. 5, 2020 | A Federal Express package with tracking number 396522972463 from W.W. in Greenville, South Carolina to B. Washington in Philadelphia, Pennsylvania |

In violation of Title 18, United States Code, Section 1341.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 18, United States Code, Sections 1341 and 1343 set forth in this indictment, the defendant,

**BARBARA ANN WASHINGTON,**

shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

1. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of the proceeds of the violations alleged in Counts 1 through 12 of this indictment.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of the due diligence;

   b. has been transferred to or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in valued; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

███████████
_____
GRAND JURY FOREPERSON

_Ronald Barack_ for
_____
**JENNIFER ARBITTIER WILLIAMS
ACTING UNITED STATES ATTORNEY**

No._____

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

BARBARA ANN WASHINGTON

## INDICTMENT

18 U.S.C. § 1343 (wire fraud – 9 counts)
18 U.S.C. § 1341 (mail fraud – 3 counts)

A true bill.



_____
Foreman

Filed in open court this _____ day,
Of _____ A.D. 20____

_____
Clerk

Bail, $_____